UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.                          ) | Criminal No. 04-12-P-S |
| ) | |
| ROBERT BROWN, III           ) | |
| ) | |
| Defendant          ) | |

ORDER OF DETENTION PENDING TRIAL

In accordance with §3142(f) the Bail Reform Act, 18 U.S.C. § 3141 et seq., I conducted a detention hearing in this matter on this date.

The Defendant has been charged in a one count grand jury indictment with distribution of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C). The indictment constitutes probable cause to believe the Defendant did commit the offense charged. This offense has a maximum term of imprisonment of ten years or more, as prescribed in the Controlled Substances Act, 21 U.S.C. § 801 et seq., As a result, 18 U.S.C. § 3142(e) provides that, "subject to rebuttal by the [Defendant], it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the [Defendant] as required and the safety of the community."

Under 18 U.S.C. § 3142(c), I must assess three risks: (1) the risk of the Defendant's flight; (2) the risk to the safety to any other person; and (3) the risk to the safety of the community. In assessing these risks, I must consider whether any set of conditions allow the Defendant to be released while adequately mitigating these risks.

With respect to the second risk factor – the risk to the safety of any other person – no presumptions arises under the statute from the probable cause finding and no evidence has otherwise been presented on this issue.  Accordingly, I find no clear and convincing evidence that the Defendant poses a risk to the safety of any other person.  See 18 U.S.C. § 3142(f).

As to the first and third risk factors – risk of flight and risk to the safety of the community – the presumption established by 18 U.S.C. § 3142(e) applies.  Congress has found the "flight to avoid prosecution is particularly high among person charged with major drug offenses." S. Rep. No. 225, 98th Cong., 1st Sess. 20 (1983); United State v. Jessup, 757 F.2d 378 (1st Cir. 1985). Moreover, the legislative history reveals that, in establishing the statutory presumption that "no condition or combination of conditions will reasonably assure . . . the safety of the community . . .," 18 U.S.C. § 3142(e), Congress specifically had in mind defendants alleged to be involved in drug trafficking:  "The Committee also emphasizes that the risk that a defendant will continue to engage in drug trafficking constitutes a danger to the 'safety of any other person or the community.'" S. Rep. 225, supra at 13.  The statutory presumption was created partly because of concern for a high degree of pretrial recidivism. Id. at 20.  Jessup teaches that the presumption not only imposes a burden on the defendant to come forward with evidence to rebut flight and community safety risks, but also requires the court in assessing any such evidence to pay heed to Congressional concerns.

I am familiar with the facts of this case having presided at the first trial.  The weight of the evidence is strong, and I believe that the Defendant is a serious risk of flight during the pendency of a new trial.  I say this in spite of the evidence presented by the Defendant.  I would find this risk of flight even apart from the presumption set forth in 18 U.S.C. § 3142(e).   It is also clear the he has presented no evidence bearing on community safety risk.  In the absence of

any credible rebuttal evidence relating to this risk, I have no basis for concluding that community safety from the dangers flowing from the Defendant's alleged drug trafficking activities – as to which probable cause has been established by the grand jury indictment – can be reasonably assured. Accordingly, I ORDER that the Defendant be detained pending trial. Based on the evidence, I find no condition or combination of conditions which will assure his appearance as required or the safety of community.

The Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the Defendant to the United States Marshal for the purposes of an appearance in connection with a court proceeding.

SO ORDERED.

  /s/ George Z. Singal
George Z. Singal
Chief United States District Judge

Dated the 11th day of July 2005.